**Edward Eugene COOK, Plaintiff,**

v.

**ST. LOUIS–SAN FRANCISCO RAILWAY CO., a corporation, Defendant.**

**No. CIV–75–0791–D.**

United States District Court, W. D. Oklahoma.

March 17, 1976.

---

Buddy Wright, Fort Worth, Tex., Robert P. Hall, Oklahoma City, Okl., for plaintiff.

Grey W. Satterfield, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Plaintiff Cook brought this action for personal injuries allegedly sustained while employed by Defendant railroad when the train in which he was serving as conductor collided head-on with a train proceeding in the opposite direction. The collision occurred September 1, 1974 near Mustang in Canadian County, Oklahoma. The action was brought pursuant to the Federal Employers' Liability Act (FELA). 45 U.S.C. §§ 51 et seq.

Defendant Railroad filed its Answer in timely fashion and asserted that the collision in question was solely caused by Plaintiff while acting as conductor of one of its trains by reason of failing to stop said train at a specified "meeting point" and passing same in advance of the scheduled time cutting off the on-coming train's access to a siding upon which it was supposed to wait while the trains passed.

Defendant filed a Motion for Leave to Amend Answer and Assert Counterclaim and to Bring in Additional Party Defendant because of Counterclaim. Said Motion is supported by a Brief. Plaintiff was requested to Respond to said Motion and in so doing filed several irregular pleadings to include one which can be considered a Response in opposition to Defendant bringing in an additional party Defendant to the Counterclaim. Also filed at that time was a request to file an Amended Complaint which request was granted by this Court in its Order of January 5, 1976. The Court in said Order granted Defendant leave to assert its Counterclaim in Answering said Amended Complaint.[1] Thus, only that portion of the Motion requesting to bring in an additional party Defendant in the Counterclaim is now pending before this Court.

Defendant's Motion is made pursuant to Rule 13(h), Federal Rules of Civil Procedure which provides:

"Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."

In the Counterclaim asserted by Defendant, it is claimed that the collision of Defendant's two trains was caused by the neg-

---

1. Plaintiff's First Amended Complaint has been filed and same has been Answered by Defendant and its Counterclaim asserted. Plaintiff has filed its Reply to said Counterclaim and the issues are thus joined as between Plaintiff and Defendant.

ligence of Plaintiff Cook as the conductor and in charge of the train upon which he was injured and the negligence of the proposed additional Defendant, David Baskett, as the engineer of the same train and in charge of operating the engine of said train. The relief sought in said Counterclaim against the two Defendants named therein is money damages for property damage sustained by Defendant Railroad in said collision.

Defendant states it desires to join Baskett on the basis he is a joint tort feasor with Plaintiff. It contends it is proper to join Baskett as a Defendant in its Counterclaim on the basis of Rule 20(a), Federal Rules of Civil Procedure which Rule provides in part:

"All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction or occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

Defendant contends that it will be prejudiced if it is unable to proceed against both alleged tort feasors before a single tribunal and that allowance of the instant request for joinder of an additional party Defendant in its Counterclaim would serve the cause of efficient judicial administration.

Plaintiff in his Response states that proposed additional party Baskett has an action pending in a State Court against Defendant for injuries and contends Defendant could assert any claim it has against Baskett in said Court. Plaintiff otherwise opposes the instant Motion on the grounds the requested joinder would cause Plaintiff's case to be delayed thus prejudicing him.

Defendant in Reply to Plaintiff's Response urges that the instant case is the only forum in which it can assert its claim for relief contained in its Counterclaim against both alleged wrongdoers.

Proposed additional Defendant Baskett has filed an Objection to his joinder in the instant action. Said objection is possibly premature because if the requested joinder is approved, said party would be allowed to assert appropriate objections or defenses thereafter. However, the Court in its discretion has considered the points raised in said objection. One point of note raised is that the action pending in the District Court of Canadian County, State of Oklahoma, in which Baskett is Plaintiff, pursuant to the FELA and related statutes, against Defendant Railroad is not removable to this Court by the specific provisions of 28 U.S.C. § 1445 and the requested joinder in the instant case would have the partial effect of removing said case to this Court. Other points raised in said objection relate to the various rules of law relating to negligence and contributory negligence in regard to the various theories for recovery involved in the instant case and the State Court case. Defendant has responded to these latter points.

The real essence of Defendant's desire to assert its Counterclaim against Plaintiff herein and Baskett is contained in the following statement from its original Brief:

"Defendant will be severely prejudiced if it is not allowed to assert its cause of action against both joint tort feasors in a single forum. If it is required to try the cases separately, it is obvious that, in each case, the finger of blame will be pointed at the absent party."

It would appear that Defendant would be no more prejudiced in regard to assertion of its Counterclaim than it is by reason of defending separate FELA actions brought by the Plaintiff herein and by Baskett in State Court. The Court is aware of no reason that Defendant cannot assert its purported claim against Baskett in the State Court action. Prejudice would ap-

pear to result against Baskett if he were required to prosecute his FELA claim in State Court and also be required to defend the proposed Counterclaim in the instant action. Duplicity or multiplicity of litigation would not be avoided by joinder of Baskett to the instant case as an additional Defendant to the Counterclaim. In fact it would appear that judicial efficiency would be better served by allowing the respective lawsuits to proceed with only the respective Plaintiff and Defendant as parties in both the instant action and the action in State Court. The respective Plaintiffs are entitled to proceed in the forums of their choice.

Further, the unsupported allegation by Defendant that it would be prejudiced by the assertion of separate trials on its Counterclaims against Plaintiff herein and Baskett on the basis that each would "point the finger of blame on the other" would not appear to be any different if the Counterclaim were asserted in a single action. Plaintiff herein being a resident of Oklahoma County, Oklahoma, is subject to subpoena as a witness in the action pending in the State Court in the adjoining county of Canadian County, Oklahoma pursuant to 12 Oklahoma Statutes 1971, § 390. Baskett's residence is not disclosed by the pleadings in the instant case, but if he is not subject to being subpoenaed as a witness in the instant action, his testimony could be presented by deposition herein. Any inconsistent testimony by Plaintiff herein or Baskett in regard to acts of themselves or any other person will certainly be subject to attack by Defendant in both actions. It is determined that Defendant would not be "severely prejudiced" by requiring it to assert its claims in separate proceedings.

The instant Motion to Bring in Additional Party Defendant because of Counterclaim made pursuant to Rules 13(h) and 20(a), *supra*, rests within the discretion of the Court as both Rules by their very language provide for discretionary joinder. The Court in exercising its discretion determines that said Motion should be denied for reasons stated above. The Counterclaim asserted herein filed January 23, 1976 should

be amended by Defendant to reflect same is only asserted against Plaintiff within ten (10) days of this date. Plaintiff is granted five (5) days thereafter to Reply to said amended Counterclaim.